UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SANDY DUVET, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PINE VALLEY CENTER FOR REHABILITATION AND NURSING,<br><br>Defendant. | **No.**<br><br>**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sandy Duvet ("Plaintiff"), by her undersigned counsel, alleges the following which is based on personal knowledge and the investigation of counsel:

**NATURE OF THE ACTION**

1.      This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), and a class action under the New York Labor Law (the "NYLL") against Defendant Pine Valley Center for Rehabilitation  ("Defendant" or "Pine Valley") for failure to pay for all hours worked, failure to pay overtime, and failure to provide accurate wage statements as required under the NYLL, to Plaintiff and all similarly situated nurses employed by Defendant (the "Nurses").

2.      Pine Valley is a senior living and rehabilitation facility located in Spring Valley, New York that offers "a variety of health care solutions for your loved one including short-term, long term and sub-acute care," according to its website. Pine Valley states that its staff "works around the clock to bring the highest level of care to all residents." Pine Valley accomplishes this "around the clock" service by requiring or causing the Nurses to work over 40 hours per week without overtime pay, in violation of the FLSA and the NYLL.

3.      Pine Valley is fully aware that the Nurses are working over 40 hours without overtime pay. The Nurses punch a time clock that shows their hours worked, yet Pine Valley does not pay them for all such hours. Recently, Pine Valley introduced a requirement that the Nurses fill out a form, and seek a supervisor's signature, to be paid for their overtime hours. This system is a sham because (1) the Nurses punch a time clock that shows Pine Valley their hours worked and (2) Pine Valley does not pay the Nurses in a timely manner, or at all, for work itemized on the time sheet forms.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).  This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in this District because Pine Valley resides in this District, and the events giving rise to Plaintiff's claims occurred in this District, including but not limited to Plaintiff's employment by Pine Valley and the employment of other Nurses by Pine Valley.

## THE PARTIES

6.      Plaintiff Sandy Duvet is a citizen of the State of New York, residing in Spring Valley, New York.  Plaintiff is a non-exempt employee and was employed by Pine Valley as a Nurse from 2008 through 2019  Plaintiff's duties included all aspects of caring for Pine Valley's residents. Plaintiff's written consent to bring this action, pursuant to 29 U.S.C. §256, is attached hereto as Exhibit A.

7.      Plaintiff has worked more than 40 hours without overtime pay on many occasions during the period relevant to this action. Plaintiff worked as many as five unpaid overtime hours per week. At Plaintiff's current hourly rate of $28.31, her overtime rate (time-and-one-half her

regular hourly rate) would be $42.46.  Thus, for a week in which Plaintiff worked five unpaid overtime hours, she would be entitled to $212.32 ($42.46 x 5) plus 100% liquidated damages of $212.32 for a total of $424.64.

8.        Defendant Pine Valley, a nursing home and rehabilitation facility, is located in Spring Valley, New York. Pine valley offers "a variety of health care solutions for your loved one including short-term, long term and sub-acute care."  Pine Valley's website states that it has "been awarded five stars from CMS, Centers for Medicare & Medicaid Services, for the overall quality of our facility and services."

## COLLECTIVE ALLEGATIONS

9.        Plaintiff brings the First Count as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b) on behalf of herself and other similarly situated Nurses (the "Collective" or the "Nurses"), which shall include**:**

> All persons employed by Pine Valley as nurses from April 26, 2016 through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period").

10.        Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective. There are likely one hundred or more similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records that Defendant is required to create and maintain under applicable federal and state law. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of Nurses (the "Class"):

> All persons employed by Pine Valley as nurses from April 26, 2013 through the date a judgment is entered in this action.

12.     Members of the Class are so numerous that joinder of all members would be impracticable.  Plaintiff estimates that there are over 100 members of the Class.

13.     Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members, including:

a.      Whether Defendant failed to pay Plaintiff and the Class for all hours worked up to 40 per workweek;

b.      Whether Defendant failed to pay Plaintiff and the Class at overtime rates, or at all, for hours worked over 40 per workweek;

c.      Whether Defendant's failure to pay for all hours worked including overtime, and provision of deficient pay statements, violated the NYLL;

d.      The amount by which Plaintiff and the Class were damaged; and

e.      Whether Plaintiff and the Class are entitled to liquidated damages, statutory damages, interest, and all other damages alleged herein.

14.     The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

15.     Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in class action litigation.

4

16.    A class action is superior to all other available methods for this controversy because:

      a.    The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

      b.    The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for defendant;

      c.    Defendant acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

      d.    Nurses who are currently employed by Pine Valley are likely to fear retaliation and/or the loss of their employment, and thus will not commence their own actions.

## SUBSTANTIVE ALLEGATIONS

17.    Plaintiff and the Nurses are non-exempt employees currently and formerly employed by Pine Valley to care for its residents.

18.    Plaintiff and the Nurses have a very demanding workload, and their work usually cannot be completed within the time allotted for their regular shift. In addition to caring for residents, the Nurses are required to perform work in connection with the change in shift in order to update the next Nurse who is taking over, and the Nurses are also required to fill out extensive paperwork after many shifts.

19.     The Nurses care for multiple residents on each shift. On the night shift, a single Nurse may care for up to 45 residents.

20.     As a result of their heavy work load, the Nurses must stay at work later than the end of their scheduled shift. In addition to staying past the end of their shifts, most or all Nurses do not receive the full, uninterrupted and work free break to which they are entitled. Defendant nonetheless deducts one hour from the Nurse's pay on most or all days. That deduction deprives the Nurses of regular and/or overtime pay.

21.     Plaintiff and the Nurses have frequently worked over 40 hours and have not been paid for all hours worked.  On many weeks, despite working over 40 hours, Plaintiff's pay stubs have shown under 40 hours.

22.     On many occasions, the pay stubs Plaintiff and other Nurses receive are so inaccurate that they cannot tell how severely they are being underpaid.

## COUNT I

**Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*: Failure to Pay Overtime**
**(Brought on Behalf of Plaintiff and the Collective)**

23.     Plaintiff incorporates and realleges all of the preceding paragraphs as if they were fully set forth herein.

24.     During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

25.     At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

26.     At all relevant times, Defendant's business has had annual gross revenues in excess of $500,000.

27.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference.

28.     Defendant was required to properly pay Plaintiff and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek.

29.     During the FLSA Class Period, Defendant failed to pay Plaintiff and the Nurses all wages due including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled under the FSLA, 29 U.S.C. §207. In the event that Defendant paid any of the Nurses late due to its requirement that the Nurses submit a supplemental sheet detailing their overtime, that late payment is in violation of the FLSA's requirement of timely payment.

30.     Defendant's violation of the overtime requirements of the FLSA was part of its regular business practice and constituted a pattern, practice, and/or policy.

31.     As a result of Defendant's violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, prejudgment and post judgment interest, reasonable attorneys' fees, and costs and expenses.

32.     Defendant's unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendant knew or should have known that the practices complained of herein were unlawful. Defendant knew that Plaintiff and others similarly situated

routinely worked in excess of forty hours per week and that Plaintiff and others similarly situated were not paid for all hours worked.

33.     Defendant has not made a good faith effort to comply with the FSLA with respect to the compensation of Plaintiff and others similarly situated.

34.     Because Defendant's violations of the FSLA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

35.     Due to Defendant's violations of the FLSA, Plaintiff and the Nurses are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest.

## COUNT II

### New York Labor Law, Article 19: Failure to Pay Straight Time and Overtime
### (Brought on Behalf of Plaintiff and the NYLL Class)

36.     Plaintiff incorporates and realleges all of the preceding paragraphs as if they were fully set forth herein.

37.     Plaintiff and the Nurses were employees of Defendant within the meaning of the NYLL, Article 6, §190(2), and supporting New York regulations.

38.     Defendant was an "employer" within the meaning of NYLL Article 6, §190(3), and any supporting regulations.

39.     Defendant failed to pay Plaintiff and the Nurses for all hours worked up to 40 in a workweek, and overtime wages of not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 hours in a workweek.

40.     Defendant's failure to pay Plaintiff and the Nurses for all hours worked, and for

overtime wages was willful and/or not in good faith within the meaning of NYLL, Article 19, §663. Defendant was aware of the requirements of the NYLL and continued to deprive Plaintiff and the Nurses of all wages owed. In the event that Defendant paid any of the Nurses late due to its requirement that the Nurses submit a supplemental sheet detailing their overtime, that late payment is in violation of the NYLL's requirement of timely payment including, without limitation NYLL Section 191.

41.     Due to Defendant's violations of the NYLL, Plaintiff and the Nurses are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest.

## COUNT III

### New York Labor Law Section 195(3): Failure to Provide Accurate Pay Statements
### (Brought on Behalf of Plaintiff and the NYLL Class)

42.     Plaintiff incorporates and realleges all of the preceding paragraphs as if they were fully set forth herein.

43.     NYLL Section 195(3) requires, among other things, that a pay stub accurately state the number of hours worked, the basis for the amount being paid, and provide the full name, address, and telephone number of the employer.

44.     Defendant failed to provide pay stubs to Plaintiff and the Nurses containing all of this information.

45.     Pursuant to New York Labor Law Section 198-d, Plaintiff and the Nurses are entitled to a maximum of $2,500 each plus costs and reasonable attorneys' fees for this violation.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff and the Nurses the following relief:

A.      An order certifying this case as a collective action for the violations of the FLSA, as it pertains to the First claim under 29 U.S.C. §216(b) for the class of employees described herein and permitting Plaintiff to send a notice to the Collective described herein;

B.      An order certifying this case as a class action for violations of the NYLL as it pertains to the Second and Third claims under Federal Rule of Civil Procedure 23 (a) and (b)(3) for the class of employees described herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

C.      Award Plaintiff and the Class all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest, and any other damages that may be just and proper;

D.      Award Plaintiff and the Class their reasonable attorneys' fees, costs and expenses as authorized by law; and

E.      Grant in favor of Plaintiff and the Nurses such other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED:  April 26, 2019                 **GARDY & NOTIS, LLP**

By: _s/Orin Kurtz_
Orin Kurtz
Tower 56
126 East 56th Street, 8th Floor

10

New York, New York 10022
Tel: (212) 905-0509
Fax: (212) 905-0508
okurtz@gardylaw.com

*Attorneys for Plaintiff*